UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| AHMED MAMI, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company; ENVISION MOTORS HOLDINGS, LLC, a Delaware Limited Liability Company d/b/a MERCEDES-BENZ OF STOCKTON; and DOES 1 through 10, inclusive,<br><br>        Defendants. | No. 2:23-cv-01549 WBS KJN<br><br>MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO REMAND[1] |

----oo0oo----

Plaintiff Ahmed Mami initiated this action in the Sacramento County Superior Court against defendants Mercedes-Benz USA, LLC, and Envision Motors Holdings, LLC d/b/a Mercedes-Benz of Stockton, under the Song-Beverly Consumer Warranty Act. (See FAC (Docket No. 1-7).) Defendant Mercedes-Benz removed the

---

[1] The motion is decided on the papers without oral argument pursuant to Local Rule 230(g).

1

action to this court on the basis of diversity of citizenship. (Docket No. 1.)  Plaintiff now moves to remand.  (Docket No. 8.)

"Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action." Moore-Thomas v. Ala. Airlines, Inc., 553 F.3d 1241, 1243 (9th Cir. 2009).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a). Complete diversity means that "each plaintiff must be of a different citizenship from each defendant."  Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018).

Defendants have failed to establish complete diversity, as neither the Notice of Removal (Docket No. 1) nor the Opposition to plaintiff's motion (Docket No. 13) address the citizenship of defendant Envision Motors Holdings, LLC.[2]  See Gaus, 980 F.2d at 566 ("the defendant always has the burden of

---

[2]   "For purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its owners/members are citizens."  3123 SMB LLC v. Horn, 880 F.3d 461, 462–63 (9th Cir. 2018).  Though defendant has not identified the members of Envision Motors Holdings, LLC, the court notes that it is highly likely that at least one member of the company -- which operates in California -- is a citizen of California, which would defeat complete diversity.  Moreover, even if none of them are citizens of California, it was incumbent upon defendant to show that.  It has not.  The court also notes that defendant does not argue fraudulent joinder of Envision Motors Holdings, LLC.

establishing that removal is proper"); Acad. of Country Music v. Cont'l Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021) (a notice of removal must contain "plausible allegations of the jurisdictional elements").  The court must therefore remand the case to state court.  See Grancare, 889 F.3d at 548; Gaus, 980 F.2d at 566.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Docket No. 8) be, and the same hereby is, GRANTED.  This case is hereby REMANDED to the Superior Court of the State of California, in and for the County of Sacramento.

Dated:  October 6, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE